# EXHIBIT B

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
Jahmy S. Graham, Bar No. 300880
jahmy.graham@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Non-Party As *Amicus Curiae*
CALIFORNIA STATE CONFERENCE OF
THE NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, *et al.*,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>XAVIER BECERRA, *et al.*,<br><br>　　　　Defendants. | Case No. 8:19-CV-02105 DOC (ADS)<br><br>***AMICUS* BRIEF ON BEHALF OF CALIFORNIA STATE CONFERENCE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:　　　December 9, 2019<br>Time:　　　8:30 a.m.<br>Location:　　Courtroom 9D<br><br>Complaint Filed:  November 5. 2019 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The California State Conference of the National Association for the Advancement of Colored People ("California NAACP") urges this Court to grant the motion for preliminary injunction filed by Plaintiffs in this case, as well as the motion filed by Plaintiffs in the matter of *Fresenius Medical Care, et al. v. Becerra, et al.* (Case No. 8:19-cv-02130 DOC), and enjoin implementation of California Assembly Bill 290 ("AB 290"). AB 290 embodies terrible public policy that directly discriminates against the poorest dialysis patients in California. If implemented, AB 290 will cause irreparable harm to minority, low income, and vulnerable Californians who are suffering from life threatening diseases.

## II. CALIFORNIA NAACP'S COMMITMENT TO RACIAL JUSTICE AND EQUALITY.

The National Association for the Advancement of Colored People ("NAACP") is the nation's largest and strongest civil rights organization. The NAACP's principal objectives are to ensure the political, educational, social and economic equality of minority citizens of the United States and to eliminate race prejudice. The NAACP seeks to remove all barriers of racial discrimination through democratic processes. This mission is accomplished by seeking the enactment and enforcement of laws securing civil rights and by informing the public of the adverse effects of racial discrimination.

The California NAACP consists of 72 branches and youth units mobilized across the state to help ensure racial justice and equality in California. *See* https://www.naacp.org/nations-premier-civil-rights-organization/ (last visited Nov. 14, 2019). The California NAACP is dedicated to stopping discriminatory policies that disproportionately impact communities of color and low-income Californians. AB 290 will disproportionately impact communities of color and low-income Californians.

## III. AB 290 DISCRIMINATES AGAINST MINORITY AND LOW INCOME PATIENTS.

Dialysis patients are among the most vulnerable in society. Dialysis patients must get dialysis three times a week, for three to four hours at a time, to stay alive. The process of dialysis, removing toxins and fluid build-up, is so critical that missing just one treatment increases patient risk of death significantly.

Kidney disease disproportionally affects people of color. According to the National Institute of Diabetes and Digestive and Kidney Disease, African Americans are approximately four times more likely than Caucasians to develop kidney failure. www.niddk.nih.gov/health-information/kidney-disease/race-ethnicity (last visited Nov. 14, 2019); *see also* National Kidney Foundation, www.kidney.org/news/newsroom/factsheets/African-Americans-and-CKD (last visited Nov. 14, 2019) ("African Americans suffer from kidney failure at a significantly higher rate than Caucasians - more than 3 times higher. African Americans constitute more than 35% of all patients in the U.S. receiving dialysis for kidney failure, but only represent 13.2% of the overall U.S. population."). Hispanics are also at a much higher risk of developing chronic kidney disease. *Id*.

The extraordinary challenges and burdens imposed (both physical and financial) on those undergoing kidney dialysis treatment are beyond dispute and described in the declarations that accompany Plaintiffs' motion in this action, as well as the declarations filed in the action by the providers, in support of their motions for preliminary injunction.

Currently, nonprofit American Kidney Fund ("AKF") offers charitable premium grants to more than 3,700 low-income dialysis patients in California. Most of those patients are minorities. One hundred percent (100%) are low income, averaging less than $30,000 a year in annual income.

If signed into law, the AKF has said it will be forced to leave California and stop charitable grants to these patients. Ending AKF grants will be devastating for

low-income dialysis patients who depend on this safety net to pay for their healthcare that keeps them alive.

AB 290 also discriminates against low-income dialysis patients by making it nearly impossible for them to get kidney transplants -- the best option for dialysis patients to live a longer life.  To qualify for a kidney transplant and get on the list, patients must be able to demonstrate they have comprehensive health care coverage.  *See* https://khn.org/news/no-cash-no-heart-transplant-centers-require-proof-of-payment/ (last visited Nov. 15, 2019).  Even patients on Medicare are usually required to show they can afford supplemental coverage to cover the 20% of health care costs that Medicare does not.  *See Id*.  AKF pays for supplemental plans for many of its grantees and is the only way they can afford the coverage.  Without it, patients will be dropped from the transplant list.

It does not end there.   AB 290 would also force AKF to create a list of the low-income, minority patients to whom it provides grants – and require AKF to share this confidential list of patients with insurance companies.  AB 290 empowers insurance companies and creates new opportunities for them to discriminate against those with pre-existing conditions.

Low-income, minority dialysis patients should not be further victimized by being caught in the middle of a dispute between labor groups and dialysis providers.

### IV.  AB 290 WILL CAUSE IMMINENT AND IRREPARABLE HARM.

AB 290, if implemented, will drive AKF from California.  The consequences to low-income dialysis patients, as described above, will be devastating.  This is exactly the type of irreparable harm that supports entry of a preliminary injunction.  The Ninth Circuit has several times held that beneficiaries of public assistance "may demonstrate a risk of irreparable injury by showing that enforcement of a proposed rule 'may deny them needed medical care.'" *See M.R. v. Dreyfus*, 697 F.3d 706, 733 (9th Cir. 2012) (citations omitted).  In *Dreyfus*, the court reversed

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

4

AMICUS BRIEF
8:19-CV-02105

denial of a motion for preliminary injunction where the plaintiffs demonstrated that the services they would lose as a result of the challenged regulation related intimately to their mental and physical health, and the loss of those services would exacerbate their "already severe mental and physical difficulties." *Id.* That is the definition of irreparable injury and what will happen to low-income dialysis patients if AB 290 is implemented.

## V.   THE PUBLIC INTEREST AND EQUITIES SUPPORT ENTRY OF THE PRELIMINARY INJUNCTION.

For these reasons, it is also plainly in the public interest to grant preliminary injunction. In *Rodde v. Bonta*, 357 F.3d 988 (9th Cir. 2004), the court affirmed entry of preliminary injunction, finding that the public interest supported it, where closing of a hospital would lead "to increased delays in treatment and prolonged suffering and illness among all those who rely upon it." 357 F.3d at 999.  As discussed in the materials provided by the provider-plaintiffs in support of their motion for preliminary injunction, if AB 290 is implemented, many clinics will be forced to close.

## VI.  AB 290 VIOLATES PATIENTS' RIGHTS TO RECEIVE INFORMATION ABOUT THEIR MEDICAL CARE OPTIONS.

In addition to jeopardizing the health and financial welfare of kidney dialysis patients, AB 290 also would deny them their First Amendment rights to receive information about their medical care.  AB 290 provides that a chronic dialysis clinic cannot "advise a patient regarding any specific converge program option or health care service plan contract." [§ 2]  This broad prohibition and associated penalties could restrict (have a chilling effect on) dialysis providers in providing health care information to patients who need information to make informed decisions.  The First Amendment protects not only the right to speak but also the right to receive information. *Virginia State Board of Pharmacy, et al. v. Virginia Citizens Consumer Counsel, Inc.*, 425 U.S. 748, 756 ("But where a speaker exists, as is the

case here, the protection afforded is to the communication, to its source and to its recipients both.").

## VII. CONCLUSION

For the foregoing reasons, Plaintiffs urge this Court to enjoin California from implementing AB 290 while this lawsuit is pending.

Dated: November 15, 2019

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader
Jahmy S. Graham

By */s/ David L. Schrader*
David L. Schrader
Attorneys for Non-Party As *Amicus Curiae*
CALIFORNIA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE