1   JOSEPH N. AKROTIRIANAKIS
        (SBN 197971), jakro@kslaw.com
2   KING & SPALDING LLP
    633 West Fifth Street, Suite 1600
3   Los Angeles, CA 90071
    Telephone:   (213) 443-4355
4   Facsimile:    (213) 443-4310

5   BOBBY R. BURCHFIELD
        (pro hac vice)
6   bburchfield@kslaw.com
    KING & SPALDING LLP
7   1700 Pennsylvania Avenue NW
    Washington, DC 20006                     DAVID W. OGDEN (*pro hac vice*)
8   Telephone:   (202) 737-0500              David.Ogden@wilmerhale.com
    Facsimile:    (202) 626-3737             KELLY P. DUNBAR (*pro hac vice*)
9   Attorneys for Plaintiffs Jane Doe,       Kelly.Dunbar@wilmerhale.com
    Stephen Albright, American Kidney        WILMER CUTLER PICKERING
10  Fund, Inc., and Dialysis Patient             HALE AND DORR LLP
    Citizens, Inc.                           1875 Pennsylvania Avenue NW
11                                           Washington, DC 20006
    XAVIER BECERRA                           Telephone:   (202) 663-6440
12  Attorney General of California           Facsimile:    (202) 663-6363
    xavier.becerra@doj.ca.gov                ***Attorneys for Plaintiff* DaVita Inc.**
13  MARK R. BECKINGTON
    Supervising Deputy Attorney General      KELSI CORKRAN (*pro hac vice*)
14  mark.beckington@doj.ca.gov               kcorkran@orrick.com
    S. CLINTON WOODS                         ORRICK HERRINGTON &
15  Deputy Attorney General                      SUTCLIFFE LLP
    clint.woods@doj.ca.gov                   1152 15th Street NW
16  AMIE L. MEDLEY                           Washington, DC 20005
    Deputy Attorney General                  Telephone:   (202) 339-8497
17  amie.medley@doj.ca.gov                   Facsimile:    (202) 339-8400
    300 South Spring Street, Ste. 1702       ***Attorney for Plaintiffs* Fresenius**
18  Los Angeles, CA 90013                    **Medical Care Holdings, Inc., d/b/a**
    Telephone:   (213) 269-6226              **Fresenius Medical Care North**
19  Facsimile:    (916) 731-2124             **America, and Fresenius Medical**
    Attorneys for Defendants                 **Care Orange County, LLC**

20                                           STUART S. KURLANDER (*pro hac vice*)
                                             stuart.kurlander@lw.com
21                                           MICHAEL E. BERN (*pro hac vice*)
                                             michael.bern@lw.com
22                                           LATHAM & WATKINS LLP
                                             555 Eleventh Street NW
23                                           Washington, DC 20004
                                             Telephone:   (202) 637-1021
24                                           Facsimile:    (202) 637-2201
                                             ***Attorneys for Plaintiff* U.S. Renal**
25                                           **Care, Inc.**

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, *et al.*,<br><br>            *Plaintiffs.*<br><br>    v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General; *et al.*,<br><br>            *Defendants.* | No. 8:19-cv-02105-DOC-ADS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge Autumn D. Spaeth |
| FRESENIUS MEDICAL CARE ORANGE COUNTY, LLC; *et al.*,<br><br>            *Plaintiffs.*<br><br>    v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General; *et al.*,<br><br>            *Defendants.* | No. 8:19-cv-02130 DOC (ADSx) |

**PURSUANT TO THE PARTIES' MARCH 4, 2020 STIPULATION, IT IS ORDERED THAT:**

**A.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information, potentially including protected health information ("PHI"), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge, as set forth below, that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 9, below, that this Stipulated Protective Order does not entitle them to file under seal information that has been designated as confidential. The Local Rules (including the applicable procedures of Civil Local Rule 79-5.1, *et seq.*), this Court's Orders (including section VII of the Initial Standing Order Following Assignment of Civil Case to Judge Carter, ECF #20), and applicable law set forth the procedures that must be followed and the standards that will be applied when a party seeks permission to file material under seal.

**B.     GOOD CAUSE STATEMENT**

This litigation may involve non-public information of a commercial, financial, technical, or proprietary nature. This litigation may also involve claimed trade secrets for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of, among other things,

3

sensitive medical and potentially identifying information of patients, confidential business or financial information, competitively sensitive pricing information, and information subject to restrictions pursuant to applicable law or federal guidance.

Plaintiffs and Defendants stipulate that the production or disclosure of personal health information ("PHI") or personally identifiable information ("PII") of HIPP grant applicants and recipients made in response to discovery in this Action shall not be an admission of, or evidence that, U.S. Department of Health and Human Services Office of Inspector General Advisory Opinion 97-1 permits such disclosures. Plaintiffs and Defendants also stipulate that this Protective Order, and any production or disclosure of PHI or PII of HIPP applicants or recipients made in response to discovery in this Action shall not waive, compromise, or prejudice any arguments by Plaintiffs concerning the meaning or interpretation of HHS OIG Adv. Opinion 97-1.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential under this protective order for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.    **DEFINITIONS**

Action: Fresenius Medical Care Orange County, LLC, et al. v. Xavier Becerra, et al., Case No. 8:19-cv-02130 DOC (ADSx), and the parallel litigation *Jane Doe, et al v. Xavier Becerra, et al.* C.D. Cal. Case No. 9:19-cv-2105-DOC.

Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Case Material may be designated as "CONFIDENTIAL" when the designating party in good faith believes it constitutes, reflects, or contains PHI or other non-public financial, personal, or business information. Parties may designate CONFIDENTIAL material of a highly confidential or proprietary nature as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the designating party in good faith believes that disclosure would create a significant risk of substantial competitive or business injury to the Producing Party. Examples of such highly confidential or proprietary material may include competitively sensitive prices or rates negotiated between providers and insurers, and information subject to restrictions pursuant to applicable law or federal guidance.

Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Disclosure or Discovery Material: all items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible

things), that are produced, disclosed, or generated in connection with disclosures or responses to discovery in this matter.

Document: any object from which information may be derived, including, but not limited to, writings, letters, notes, memoranda, correspondence, investigation files, reports, e-mails, messages, records, logs, invoices, bills, statements, contracts, agreements, leases, opinions, drawings, plans, graphs, charts, photographs, images, audio files, and recordings. "Document" also includes electronically maintained information, including, but not limited to, electronic or computerized forms of any document, data and databases, electronic mail, and spreadsheets.

Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation and who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, including such person's secretarial and clerical employees who are actively assisting him or her.

In-House Counsel: attorneys who are employees of a Plaintiff to this Action or a parent, subsidiary, or affiliate of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel retained for the purposes of this litigation, nor does it include attorneys from an agency of the State of California working on this litigation, including but not limited to attorneys employed by the Department of Justice.

Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

Outside Counsel of Record: attorneys who are not employees of a Plaintiff to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Plaintiff or are a partner, associate, paralegal, or clerical employee of a law firm that has appeared on behalf of that Plaintiff. In addition, "Outside Counsel of Record" include attorneys retained or

employed by an agency of the State of California that is a Defendant in this Action and who are working on this litigation, including those attorneys who have appeared on behalf of that Defendant and other attorneys, paralegals, and clerical staff performing work in furtherance of this litigation under the direct employment and supervision of the appearing attorneys.

Party: any party to this Action (including the party's parents, subsidiaries, and affiliates), including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

Protected Health Information or PHI: certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including HIC number) that may be subject to 5 U.S.C. § 552a, 45 C.F.R. §§ 164.102–164.534, or 42 U.S.C. § 1306, or for which there may be no waiver by the patient to disclose the information to a person or entity other than one Party to this Action.

Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.  This Order does not govern the use of Protected Material at trial.

3.    **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party for the Disclosure or Discovery Material at issue agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4. **DESIGNATING PROTECTED MATERIAL**

   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIALITY legend"), to, at a minimum, the first or cover page of the document and each page of the document that contains protected material.

   A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or materials it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend as described above. This provision shall not be construed as a stipulation or agreement to any particular method of production of documents or information.

(b) for testimony given in depositions or in other pretrial proceedings, that:

the Designating Party identify the Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," either (1) on the record, before the close of the deposition, hearing, or other proceeding; or (2) in a written notice to all other Parties, given within 21 days after the Designating Party's receipt of the transcript for the deposition testimony. Only those portions of the testimony that are appropriately designated for protection within that specified timeframe shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify at the deposition, hearing, or other proceeding, or within 21 days after the Designating Party's receipt of the transcript, that the entire transcript is entitled to protection. Transcripts shall, unless otherwise agreed, be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material in their entirety until the expiration of the timeframe specified above. After that time, transcripts shall be treated only as actually designated. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent practically possible, transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Materials, and the title page shall be followed by a list of pages (including line numbers as appropriate) that have been designated as

Protected Material and the level of protection being asserted by the Designating Party. The parties shall cooperate in informing the court reporter(s) of these requirements.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material unless the correction would be both (1) substantially prejudicial to the Receiving Party and (2) unreasonable in light of the sensitivity of the information or items not designated, the delay in making the correction, and/or the volume, nature, and complexity of the information or items involved. The Receiving Party may dispute the corrected designation pursuant to the provisions of this Order for challenging designations. Upon timely correction of a designation and until any dispute concerning the correction is resolved, the Receiving Party must make reasonable efforts to assure that after the designation, the material is treated in accordance with the corrected designation. "Timely" shall mean within sixty (60) days of the disclosure of the information or within thirty (30) days of the Designating Party's receipt of a transcript for deposition testimony.

5.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*

Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2. The burden of persuasion in any challenge proceeding shall be on the Designating Party.

Unless the Designating Party has waived or withdrawn the confidentiality designation, or the Court has ruled on the joint stipulation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this Action and only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 10 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Protected Material shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies and reproductions shall be subject to the terms of this Order. If

the duplicating process by which copies and reproductions of Protected Materials are made does not preserve the confidentiality designation legends that appear on the original documents, all such copies and reproductions shall be stamped or labeled appropriately in accordance with the terms of this Order.

Nothing in this Order shall limit a Party's use or disclosure of its own information; provided, however, that nothing in this Order shall affect the protections afforded to PHI under applicable federal, state, or local laws.

No information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall lose such status under this Order as the result of the use of such document or information in any hearing, trial, or other Court proceeding in this Action, provided that such use is consistent with the terms of this Order. In the event that any Party wishes to use such information in a Court proceeding in this action, then counsel for the Parties shall consult with each other to work out any objections to the use of such information and to propose such amendments to this Order as the Parties agree are necessary, to determine whether and how such information can be used while still protecting its confidentiality.

This Order is without prejudice to the right of any Party hereto to: (i) object to any discovery request; (ii) apply to the Court for any further order relating to any confidential information; or (iii) apply to the Court for an order permitting disclosure of Protected Materials or Information other than as provided herein.

The provisions of this Order may also be modified on a Party's or the Court's own motion.

Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b)     the officers, directors, or employees (including In-House Counsel) of the Receiving Party, only to the extent that the party believes in good faith that such disclosure is reasonably necessary for this litigation.  Any such person shall be advised by the disclosing party of the Stipulated Protective Order and shall be subject to the provisions hereof requiring, among other things, that Confidential Material be held in confidence.  In addition, before being given access to any Confidential Material, the person must sign the Undertaking attached as Exhibit A.

(c)     the Court and its personnel.

(d)     court reporters and videographers (and their staff) engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must sign the Undertaking attached as Exhibit A and agree to be bound by the terms of the Stipulated Protective Order.

(e)     Experts (as defined in this Order) retained by the receiving party's Outside Counsel of Record to whom outside counsel believes in good faith disclosure is reasonably necessary to the prosecution or defense of the Action. Prior to disclosure to any such Expert, he or she must sign the Undertaking attached as Exhibit A and agree to be bound by the terms of the Stipulated Protective Order.

(f)     Professional Vendors to whom disclosure is reasonably necessary for this litigation.  Prior to disclosure to any Professional Vendor, he or she must sign the Undertaking attached as Exhibit A and agree to be bound by the provisions of the Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions or any evidentiary hearing (or preparation for either), witnesses (and their counsel) to the extent Outside Counsel of Record believes in good faith is reasonably necessary to the prosecution or defense of the Action:  provided:  (i) the deposing party requests that the witness sign the Undertaking attached as Exhibit A; and (ii) the witness will not be permitted to keep any confidential information unless they sign the Undertaking attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of a transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.  Prior to disclosure to any such individual, he or she must sign the Undertaking attached as Exhibit A and agree to be bound by the provisions of the Protective Order.

(j)     any other person upon order of this Court or upon stipulation of the Designating Party.

Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order ("Attorneys' Eyes Only Material") *only* to those identified in sections 6(a), (c), (d)-(g), and (i), subject to all limitations in those paragraphs.  Attorneys' Eyes Only Material may not be disclosed to In-House Counsel, except as otherwise provided.

In addition, to the extent Outside Counsel of Record believes in good faith that it is necessary to disclose Attorneys' Eyes Only Material to his or her client,

solely for the purpose of providing advice about the potential settlement of this Action after a demand or offer to settle has been made, such information may be disclosed to the client, with the exception of information subject to disclosure restrictions under applicable law or federal guidance. Prior to any disclosure, the client must sign the Undertaking attached as Exhibit A.

Nothing in this Agreement shall prevent a party from seeking additional protections before disclosing information that it believes should be afforded additional protection.

Nothing in this Order shall restrict the Producing Party's use of its own documents or information; provided, however, that nothing in this Order shall affect the protections afforded to PHI under applicable federal, state, or local laws.

No party may use in a deposition or evidentiary proceeding any Protected Material to which a witness does not have access under this Order unless the party seeking to use such material provides notice to all other parties and identifies the material by Bates number as soon as is practically possible before the deposition. All other parties shall be entitled to use the identified documents in the deposition or evidentiary proceeding, including without limitation, during witness preparation.

<u>Special Limits for Insurance Contracts</u>: Any insurance contract that is between a provider and an insurer and is produced in this litigation may be designated and labeled "HIGHLY CONFIDENTIAL – DEFENDANTS' ATTORNEYS EYES ONLY." Material so designated shall not be disclosed to any Plaintiff in these Actions other than the Producing Party and may only be disclosed to those identified in sections 6(a), (c), (d)-(g), and (i), subject to all limitations in those paragraphs.

## 7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party or Non-Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party or Non-Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.  The provisions of this section shall not apply to discovery demands undertaken in the parallel litigation of *Jane Doe, et al v. Xavier Becerra, et al.* C.D. Cal. Case No. 9:19-cv-2105-DOC

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **MISCELLANEOUS**

Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Local Rules (including the relevant portion of Civil Local Rule 79-5.1, *et seq*.), Court orders (including section VII of the Initial Standing Order Following Assignment of Civil Case to Judge Carter, ECF #20), and applicable law. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file

Protected Material under seal is denied by the Court, then that Party may file the information in the public record unless otherwise instructed by the Court.

Protected Health Information.  The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v).  The Parties may produce PHI in accordance with this Protective Order pursuant to their obligations to make disclosures under Federal Rule of Civil Procedure 26(a) and in response to discovery requests in this litigation.  All individually identifiable health information shall be designated "CONFIDENTIAL" and may be used and/or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).  The Parties agreement to this paragraph shall not waive, compromise, or prejudice any objection to producing PHI in response to any particular discovery request on the grounds of burden, risk of privacy to the patient, or any other ground.  Receiving Parties are prohibited from using or disclosing PHI obtained in the Actions for any purpose other than this litigation.

10.  **FINAL DISPOSITION**

After the final disposition of this Action, as defined in section 3, within 60 days of a written request by the Designating Party, each Receiving Party must take reasonable efforts to return all Protected Material to the Producing Party or destroy all such Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Upon written request, the Receiving Party must certify in writing to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) all the Protected Material was destroyed and (2) the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Also, no party shall be required to destroy Protected Material contained on archived electronic systems, such as back-up media. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

11. **VIOLATION OF PROTECTIVE ORDER**

Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

## ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: __March 6, 2020__          _____/s/ Autumn D. Spaeth_____

Honorable Autumn D. Spaeth
U. S. Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the cases of *Doe, et al. v. Xavier Becerra, et al.*, Case No. 8:19-cv-

02105-DOC (ADSx) and *Fresenius Medical Care Orange County, LLC, et al. v.*

*Xavier Becerra, et al.*, Case No. 8:19-cv-02130-DOC (ADSx). I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.


Date: _____


City and State where signed: _____


Printed name: _____


Signature: _____