ROB BONTA
Attorney General of California
MARK R. BECKINGTON, SBN 126009
R. MATTHEW WISE, SBN 238485
Supervising Deputy Attorneys General
S. CLINTON WOODS, SBN 246054
LISA J. PLANK, SBN 153737
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3807
  Fax:  (415) 703-1234
  E-mail:  Clint.Woods@doj.ca.gov
*Attorneys for Defendants Rob Bonta, et al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **JANE DOE; STEPHEN ALBRIGHT; AMERICAN KIDNEY FUND, INC.; and DIALYSIS PATIENT CITIZENS, INC.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**ROB BONTA, in his Official Capacity as Attorney General of California; RICARDO LARA in his Official Capacity as California Insurance Commissioner; SHELLY ROUILLARD in her official Capacity as Director of the California Department of Managed Health Care; and TOMAS ARAGON, in his Official Capacity as Director of the California Department of Public Health,**<br><br>Defendants. | 8:19-cv-2105-DOC-(ADSx)<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Date:      May 2, 2022<br>Time:      8:30 a.m.<br>Courtroom:  9D<br>Judge:     The Honorable David O. Carter<br>Trial Date:  July 12, 2022<br>Action Filed: November 1, 2019 |

Defendants Rob Bonta, Ricardo Lara, Shelly Rouillard, and Tomás Aragón, hereby jointly apply for the Court's permission to file the following documents under seal:

- A document titled "Premium Impacts of ESRD Patients in the Individual Market (Avalere)," produced in this action and designated Confidential by Plaintiff AKF pursuant to the protective order entered in these cases, Bates Nos. AKF-DOE-10130-10135, 10136, attached as Exhibit 2e to the Declaration of Lisa Plank.

- A document titled "FMC Insurance Counselor training program – undated 'Day 5' training," produced in this action and designated Confidential by Plaintiff Fresenius pursuant to the protective order entered in these cases, Bates Nos. FMC4921-4936, attached as Exhibit 3b to the Declaration of Lisa Plank.

- A document relating to "2018 Insurance Coordinator Goals," produced in this action and designated Confidential by Plaintiff Fresenius pursuant to the protective order entered in these cases, Bates No. FMC4940, attached as Exhibit 3c to the Declaration of Lisa Plank.

- A November 4, 2017 document relating to "Financial Coordinator Bonus Proposal," produced in this action and designated Confidential by Plaintiff Fresenius pursuant to the protective order entered in these cases, Bates Nos. FMC4941-4943, attached as Exhibit 3e to the Declaration of Lisa Plank.

- Unredacted versions of the 2018 and 2019 Donation Letters from Plaintiff DaVita to Plaintiff AKF specifying annual contribution and subsequent increases to same, produced in this action and designated Confidential by Plaintiff DaVita pursuant to the protective order entered in these cases, Bates Nos. DAVITA 8273-8275, attached as Exhibit 4a to the Declaration of Lisa Plank.

- Pages 47, 48, 50-51, 63-64, 66, 69-70, 72, 119-120, 148 of the November 18, 2021 deposition of Steve Dover in these matters and designated Confidential by Plaintiff Fresenius pursuant to the protective order entered in these cases, attached as Exhibit 14b to the Declaration of Lisa Plank.

1       •     Unredacted versions of the Memorandum of Points and Authorities in
2 Support of Defendants' Motion for Summary Judgment as to the *Doe* Complaint,
3 Portions of the Memorandum of Points and Authorities in Support of Defendants'
4 Motion for Summary Judgment as to the *Fresenius* Complaint, and portions of the
5 Statement of Undisputed Facts in support of both motions, all of which include
6 references to information that Plaintiffs have deemed Confidential pursuant to the
7 protective order entered in these cases.

8        This Application for Leave to File Under Seal in Support of Defendants'
9 Motions for Summary Judgment (Application) is brought pursuant to L.R. 79-5 et
10 seq., Federal Rules of Civil Procedure, Rules 5.2 and 26(c), and the protective order
11 for the *Doe* and *Fresenius* matters.  The Application is accompanied by the
12 concurrently-filed Declaration of S. Clinton Woods, a proposed order, the
13 unredacted versions of documents proposed to be filed under seal, and the redacted
14 versions of documents to be filed for public access as Exhibits to the Declaration of
15 Lisa J. Plank.

16        Because all of the documents that Defendants seek to file under seal contain
17 information previously designated as confidential by Plaintiffs pursuant to a
18 protective order (ECF No. 70), this Application is made pursuant to the
19 requirements under L.R. 79-5.2.2(b).

20        The stipulated protective order "provides protections for material including
21 personally-identifiable information."  ECF No. 70, 7:15-20.  The protective order
22 states that good cause exists to protect confidential material of a "commercial,
23 financial, technical, or proprietary nature."  *Id*. at 3:23-24.  The protective order
24 further states that the parties must comply with L.R. 79-5.1 if they seek to file
25 anything under seal" regarding material designated "confidential" in the order.  *Id*.
26 at 3:17.  Local Rule 79-5.1 states that "[a] person seeking to have a case or
27 document sealed must follow the procedures set forth below."  L.R. 79-5.1.  Parties
28

1  seeking to file a document under seal must first obtain court approval via an
2  Application for Leave to File Under Seal.  L.R. 79-5.2.

3  This Application is subject to Local Rule 5-2.2(b) because Defendants are
4  asking the Court to seal documents in a non-sealed civil case, and the proposed
5  documents contain information previously designated as confidential by the Court
6  in a protective order.  ECF No. 70.  Pursuant to Local Rule 79-5.2.2(b), Defendants
7  request that the items identified above be filed under seal because the redacted
8  information—specifically, documents produced and designated Confidential by
9  Plaintiffs—are relevant to the determination of the concurrently-filed motions for
10  summary judgment.  Filing only redacted copies of the documents would obscure
11  the factual information necessary to defeat some of Plaintiffs' claims, and
12  moreover, the documents have been designated as confidential in their entirety
13  pursuant to the protective order in place in this matter.  ECF No. 70.

14  On Friday, February 18, 2022, counsel for Defendants met and conferred with
15  counsel for Plaintiffs.  On Wednesday, February 23, 2022, Defendants provided
16  Plaintiffs with a copy of the instant Application consistent with the Court's
17  Standing Order.  Plaintiffs continued to assert confidential or highly confidential
18  designation on the documents that remain the subject of this Application, and
19  Defendants do not oppose those designations.

20  Plaintiffs contend that all commercially or competitively sensitive technical,
21  financial or proprietary information should be filed under seal.  This type of
22  information is included in the documents identified above and designated by
23  Plaintiffs as confidential.

24  Defendants acknowledge that there is a strong presumption of public access in
25  civil cases, and "[h]istorically, courts have recognized a 'general right to inspect
26  and copy public records and documents, including judicial records and
27  documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th
28  Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

4

1    Access to judicial records, however, is not absolute, and documents may be sealed

2    for "important policy reasons." *Id.* Such important policy reasons exist in this

3    case.

4         In an effort to uphold the sanctity of public access, Defendants have filed

5    blank and redacted copies of the above-listed documents with the Declaration of

6    Lisa Plank filed in support of their concurrently filed motions for summary

7    judgment, along with partially-redacted versions of the supporting briefs, which

8    substantively refer to information that Plaintiffs have designated confidential.  It is

9    Defendant's understanding that the proposed redactions are sufficient to allow these

10   documents to be publicly filed because they redact all commercially-sensitive or

11   personally identifiable information that the parties and the Court's previous

12   protective order acknowledge is "confidential."

13        Accordingly, Defendants request that the documents identified above be filed

14   under seal.

15

16   Dated:  February 25, 2022                    Respectfully submitted,

17                                                ROB BONTA
                                                  Attorney General of California
18                                                MARK R. BECKINGTON
                                                  R. MATTHEW WISE
19                                                Supervising Deputy Attorneys General
                                                  LISA PLANK
20                                                Deputy Attorney General

21

22

23                                                */s/ S. Clinton Woods*
                                                  S. CLINTON WOODS
24                                                Deputy Attorney General
                                                  *Attorneys for Defendants*
25                                                *Rob Bonta, et al.*

26   SA2019106023
     43101274.docx

27

28