JOSEPH N. AKROTIRIANAKIS (SBN 197971)
  jakro@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

MATTHEW M. LELAND (*pro hac vice*)
  mleland@kslaw.com
ASHLEY C. PARRISH (*pro hac vice pending*)
  aparrish@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
2nd Floor
Washington, DC 20006
Telephone:   (202) 737-0500
Facsimile:   (202) 626-3737

Attorneys for Plaintiffs
JANE DOE, STEPHEN ALBRIGHT,
AMERICAN KIDNEY FUND, INC.,
AND DIALYSIS PATIENT CITIZENS, INC.

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his Official Capacity as Attorney General of California, *et al.*,<br><br>Defendants. | **Case No. 8:19-cv-2105-DOC(ADSx)**<br>**Case No. 8:19-cv-02130 DOC (ADSx)**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS AND TESTIMONY OF RANDOLPH WAYNE PATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge David O. Carter<br>Date: May 2, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D |

1
2
3
4
5
6
7

| FRESENIUS MEDICAL CARE ORANGE COUNTY, LLC; *et al.*, |
| *Plaintiffs.* |
| v. |
| ROB BONTA, in his official capacity as Attorney General; *et al.*, |
| *Defendants.* |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that, on May 2, 2022, at 8:30 a.m, or at such later date

3  and time as the Court may order, in the Courtroom of the Honorable David. O. Carter,

4  Courtroom 9D, United States District Court, Central District of California, located at

5  411 West 4th Street, Santa Ana, California 92701, Plaintiffs Jane Doe, Stephen

6  Albright, American Kidney Fund, Inc., and Dialysis Patient Citizens, Inc. and Plaintiffs

7  Fresenius Medical Care Orange County, LLC, Fresenius Medical Care Holdings, Inc.

8  d/b/a Fresenius Medical Care North America, DaVita, Inc., and U.S. Renal Care, Inc.,

9  will, and hereby do, move the Court for an Order excluding certain testimony and

10  opinions of Randolph Wayne Pate.  This motion is made pursuant to Federal Rule of

11  Civil Procedure 26, Federal Rule of Evidence 702, and the case law under those rules,

12  on the grounds that the proffered expert testimony does not meet the requirements for

13  admissibility.

14          This motion is made following a conference of counsel pursuant to Local Rule

15  7-3, which took place on February 18, 2022.  This motion is based upon this Notice of

16  Motion and Motion, the accompanying Memorandum of Points and Authorities, the

17  Declaration of Michael E. Bern and the exhibits thereto, the Court's record on this

18  matter, the arguments of counsel, and such other matters as the Court may consider.

19

20  Dated: March 4, 2022                    **KING & SPALDING LLP**

21

22                                          By: _/s/Joseph N. Akrotirianakis_
                                            JOSEPH N. AKROTIRIANAKIS
23                                          MATTHEW M. LELAND

24                                          Attorneys for Plaintiffs
                                            JANE DOE, STEPHEN ALBRIGHT,
25                                          AMERICAN KIDNEY FUND, INC.,
                                            and DIALYSIS PATIENT CITIZENS,
26                                          INC.

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS AND
TESTIMONY OF RANDOLPH WAYNE PATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF

1   Dated: March 4, 2022              LATHAM & WATKINS LLP

2                                     By: */s/ Michael E. Bern*

3                                         Michael E. Bern
                                          Stuart S. Kurlander
4                                         Abid R. Qureshi

5                                         Attorneys for Plaintiff
                                          U.S. Renal Care, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS AND
TESTIMONY OF RANDOLPH WAYNE PATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1

I.      INTRODUCTION ..............................................................................................1

II.     ARGUMENT .....................................................................................................2

    A.   Mr. Pate's Opinions Regarding Steering Are Improper Rebuttal Opinions That Should Be Excluded ......................................2

    B.   Mr. Pate's Report Improperly Offers Legal Conclusions ................................6

    C.   Mr. Pate's Report Improperly Offers Opinions On Plaintiffs' Intent, Motivations And State Of Mind ........................8

III.    CONCLUSION .................................................................................................9

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS AND TESTIMONY OF RANDOLPH WAYNE PATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aguilar v. Int'l Longshoremen's Union Loc. No. 10,*
   966 F.2d 443 (9th Cir. 1992) ................................................................. 8

*Cooper v. Brown*,
   510 F.3d 870 (9th Cir. 2007) ................................................................. 9

*Crow Tribe of Indians v. Racicot*,
   87 F.3d 1039 (9th Cir. 1996) ................................................................. 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ................................................................. 1, 2, 4

*Diviero v. Uniroyal Goodrich Tire Co.*,
   114 F.3d 851 (9th Cir. 1997) ................................................................. 9

*Est. of Moreno v. Corr. Healthcare Cos., Inc.*,
   No. 4:18-CV-5171-RMP, 2020 WL 1281648
   (E.D. Wash. Mar. 3, 2020) ................................................................. 5

*Hangarter v. Provident Life & Accident Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) ................................................................. 6

*In re Resulin Prods. Liab. Litig.*,
   309 F. Supp 2d 531 (S.D.N.Y. 2004) ................................................................. 9

*Lanard Toys Ltd. v. Anker Play Prods., LLC*,
   No. CV 19-4350-RSWL-AFMX, 2020 WL 6873647
   (C.D. Cal. Nov. 12, 2020) ................................................................. 8

*Lust v. Merrell Dow Pharms., Inc.*,
   89 F.3d 594 (9th Cir. 1996) ................................................................. 2

*Mannick v. Kaiser Found. Health Plan, Inc.*,
   No. C 03-5905 PJH, 2006 WL 1626909 (N.D. Cal. June 9, 2006) ................................................................. 7

*Marmont v. Bernzomatic Corp.*,
   No. LA CV16-00848, 2018 WL 6252500 (C.D. Cal. July 31, 2018) ................................................................. 4

ii

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
   523 F.3d 1051 (9th Cir. 2008) ................................................................. 6

*Pineda v. City & Cnty. of S.F.*,
   280 F.R.D. 517 (N.D. Cal. 2012) ........................................................... 5

*Plumley v. Mockett*,
   836 F. Supp. 2d 1053 (C.D. Cal. 2010) .......................................... 3, 4, 5

*Siring v. Or. State Bd. of Higher Educ. ex rel. E. Or. Univ.*,
   927 F. Supp. 2d 1069 (D. Or. 2013) ................................................... 8, 9

*Stanley v. Novartis Pharms. Corp.*,
   No. CV 11-03191 JGB, 2014 WL 12573393 (C.D. Cal. May 6, 2014)................ 9

*Torres v. City of Los Angeles*,
   548 F.3d 1197 (9th Cir. 2008) ................................................................. 4

*United States v. Arvin*,
   900 F.2d 1385 (9th Cir. 1990), *cert. denied*, 498 U.S. 1024 (1991) ..................... 7

*United States v. Weitzenhoff*,
   35 F.3d 1275 (9th Cir. 1993) ................................................................. 7

*Willard v. Foremost Ins. Co.*,
   No. EDCV 13-0262 JGB (DTBx), 2014 WL 12589331
   (C.D. Cal. May 9, 2014) ........................................................................ 7

STATUTES

42 U.S.C.
   § 1320a-7a(a)(5) .................................................................................. 6
   § 1320a-7b ........................................................................................... 6
   § 1320a-7b(f) .................................................................................... 2, 6

RULES

Fed. R. Civ. P. 26 .................................................................... 1, 3, 4, 5, 6

Fed. R. Civ. P. 26(a)(2)(B)(ii) ................................................................ 4

Fed. R. Civ. P. 26(a)(2)(D)(ii) ............................................................ 1, 3

Fed. R. Civ. P. 37(c) ................................................................... 3, 4, 6

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS AND
TESTIMONY OF RANDOLPH WAYNE PATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF

Fed. R. Evid. 702 ..................................................................................*passim*

**OTHER AUTHORITIES**

Patient Protection and Affordable Care Act, Pub. L. No. 111–148, 124 Stat. 119
   (2010)                                        1, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants purport to proffer the rebuttal expert report of Mr. Randolph Pate to counter the opinions of Plaintiffs' experts Laurence J. Freedman and Kevin G. McAnaney.  But several of the opinions offered by Mr. Pate exceed the appropriate scope and substance of permissible rebuttal expert testimony.  Plaintiffs respectfully request this Court to exclude Mr. Pate's improper opinions under Federal Rule of Civil Procedure 26, Federal Rule of Evidence 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[1]

Mr. Pate's opinions are improper for one or more independent reasons:

*First*, certain of Mr. Pate's opinions are outside the scope of proper rebuttal testimony.  Federal Rule of Civil Procedure 26 limits the scope of Mr. Pate's proposed testimony to evidence "intended solely to contradict or rebut evidence on the same subject matter" presented in the Freedman and McAnaney reports.  Fed. R. Civ. P. 26(a)(2)(D)(ii).  Mr. Pate is therefore prohibited from opining on matters outside of the subject matter contained in either the Freedman Report or the McAnaney Report.

*Second*, Mr. Pate's opinions regarding "qualified health plans" constitute improper legal conclusions under Federal Rule of Evidence 702.  In his report, Mr. Pate opines on whether "qualified health plans"—health insurance plans created by the Patient Protection and Affordable Care Act, Pub. L. No. 111–148, 124 Stat. 119 (2010)—constitute "federal health care programs" as that term is defined in section

---

[1] Exclusion of Mr. Pate's rebuttal opinions is not required for this Court to grant Plaintiffs' Motion for Summary Judgment, because the opinions and testimony that Plaintiffs seek to exclude are insufficient to raise a triable issue of fact on any issue in Plaintiffs' motion.  In fact, the Provider Plaintiffs did not introduce Mr. Freedman and Mr. McAnaney's reports into evidence in support of their Motion for Summary Judgment, Dkt. 153-1.  Accordingly, Mr. Pate's rebuttal opinions to those reports have limited relevance to summary judgment proceedings.  Plaintiffs nevertheless make this motion now because Defendants have relied on Mr. Pate's opinions and testimony generally at summary judgment..

1128B of the Social Security Act, 42 U.S.C. § 1320a-7b(f). These opinions interpret statutes, impermissibly performing legal analysis and drawing legal conclusions.

*Finally*, Mr. Pate impermissibly purports to interpret the state of mind of dialysis providers when he opines that these dialysis providers are motivated to support the American Kidney Fund's (AKF's) Health Insurance Premium Program (HIPP) as "to some extent, a business strategy rather than a form of charity." Any purported opinion regarding intent, motive, and state of mind is not based on any specialized expertise and is unhelpful to the trier of fact. Accordingly, this opinion fails under Federal Rule of Evidence 702 and *Daubert*.

For these reasons, Plaintiffs respectfully request the Court exclude the improper opinions Mr. Pate offers in paragraphs 2-4, 6, 7, 12, 28, 29, 34, 39, 41, 42, 49, 50, 52 and 54 of his Expert Report.

## II.   ARGUMENT

The gatekeeping function of Federal Rule of Evidence 702 tasks trial courts with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. at 597. Mr. Pate's testimony is admissible only if it (i) "will help the trier of fact to understand the evidence or to determine a fact in issue," (ii) "is based on sufficient facts or data," and (iii) is "the product of reliable principles and methods" that Mr. Pate applied "reliably . . . to the facts of th[is] case." Fed. R. Evid. 702; *Daubert*, 509 U.S. at 594. Defendants bear the burden of proving the admissibility of Mr. Pate's opinions. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

### A.   MR. PATE'S OPINIONS REGARDING STEERING ARE IMPROPER REBUTTAL OPINIONS THAT SHOULD BE EXCLUDED

Several of Mr. Pate's opinions do not respond to opinions offered by either of the experts that he purports to rebut; those opinions therefore exceed the scope of rebuttal testimony and should be excluded.

One of the central contentions that Defendants advance in this case is that Plaintiffs' "steer" patients onto commercial insurance plans rather than government insurance, such as Medicare and Medicaid, against the best interest of the patient. Defendants, however, have failed to proffer any factual evidence to support that this alleged steering occurs in California.  In fact, two years after this Court granted a preliminary injunction against AB 290, and substantial fact and expert discovery, the State is still yet to identify a single California patient steered into a private insurance plan by a dialysis provider or third-party payer.

Mr. Pate's rebuttal report purports to offer multiple opinions regarding steering. For example, Mr. Pate opines that premium assistance programs create a financial incentive that "can result in inappropriate steering of dialysis patients into individual market health insurance coverage based on the financial interests of the health care provider rather than the best interests of the patient."  Ex. A, Expert Report of Randolph Wayne Pate ("Pate Rep."), ¶ 2; *see also id.* ¶¶ 3, 4, 6, 7, 28, 29, 41, 42, 49, 50, 52 (discussing "inappropriate steering" in more detail).  These opinions, however, do not rebut Mr. Freedman or Mr. McAnaney's reports and therefore exceed the scope of proper expert rebuttal testimony.

The Federal Rules of Civil Procedure confine expert rebuttal reports to evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in that party's expert report.  Fed. R. Civ. P. 26(a)(2)(D)(ii).  This "same subject matter" requirement limits rebuttal expert reports to subjects actually addressed in the affirmative expert report being rebutted.  *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1065 (C.D. Cal. 2010) (excluding portions of expert's rebuttal report that "opine on subjects that were not addressed in the expert report purportedly being rebutted").  Improper rebuttal opinions must be excluded under Federal Rule of Civil Procedure 37(c) unless the party opposing exclusion shows that its failure to comply with Rule 26 is substantially justified or harmless.  Fed. R. Civ. P. 37(c); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

1    Mr. Pate's report purports to rebut the reports of Plaintiffs' experts Laurence
2    Freedman and Kevin McAnaney.  Ex. A, Pate Rep. ¶ 23.  But neither of these experts
3    opine on whether health care providers steer dialysis patients into certain types of
4    insurance coverage based on the provider's financial interests.  As such, Mr. Pate's
5    "rebuttal" is untethered to anything in Plaintiffs' expert reports.  *See id*. ¶¶ 2-4, 6, 7, 28,
6    29, 41, 42, 49, 50, 52.  Because Mr. Pate's opinions on steering are not "reasonably
7    prompted by [Freedman's or McAnaney's expert reports] nor responsive to [them],"
8    *Plumley* 836 F. Supp. 2d at 1066, those opinions, as set forth in paragraphs 2-4, 6, 7,
9    28, 29, 41, 42, 49, 50, and 52, should therefore be excluded.[2]
10    Defendants cannot show that their failure to comply with Rule 26 is substantially
11    justified or harmless.  Expert reports must contain "the basis and reasons" for all
12    opinions a witness will give and "the facts or data considered by the witness" in forming
13    those opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii).  But Mr. Pate's report failed to include
14    the basis for his steering opinions or the facts and data considered by him in forming
15    those opinions.  That failure was neither justified nor harmless.  *See Marmont v.*
16    *Bernzomatic Corp.*, No. LA CV16-00848 JAK (RAOx), 2018 WL 6252500, at *8 (C.D.
17    Cal. July 31, 2018) (failure to comply with Rule 26 not harmless "when it undermines
18    a party's ability 'meaningfully [to] depose or cross-examine' an expert about his or her
19    opinions as well as 'the reasons and bases therefore, and the facts or data he considered
20
21

_____

22    [2] Mr. Pate admitted during his deposition that he is not an expert in whether furnishing
23    information to dialysis patients constitutes steering.  Ex. B, Pate Dep.,  25:23-26:11.
24    He also did not conduct any factual investigation to evaluate whether Plaintiffs are
      engaged in inappropriate steering, *Id*.  at 38:12-17, and admittedly has no personal
25    knowledge of inappropriate steering by Plaintiffs.  *Id.* at 52:6-9.  Defendants fail to
26    identify in what way expert testimony would be appropriate to address the primarily
      factual question of whether Plaintiffs are engaged in steering; but at minimum, Mr.
27    Pate's admitted lack of expertise or factual support for his opinions concerning
28    steering renders them unreliable, and therefore inadmissible. *See Daubert*, 509 U.S. at
      589.

in forming his opinions.'" (quoting *Pineda v. City & Cnty. of S.F.*, 280 F.R.D. 517, 522 (N.D. Cal. 2012)).

Further, Defendants' attempt to pass off Mr. Pate's steering opinions as rebuttal testimony is not harmless. *See Est. of Moreno v. Corr. Healthcare Cos., Inc.*, No. 4:18-CV-5171-RMP, 2020 WL 1281648, at *5 (E.D. Wash. Mar. 3, 2020) (finding that Defendants' untimely disclosure of expert testimony, originally improperly characterized as rebuttal testimony, was not harmless "because it barred Plaintiffs from preparing a rebuttal . . . expert report"). Had Defendants properly presented Mr. Pate's steering opinions as affirmative expert testimony, Plaintiffs would have presented their own rebuttal expert to refute these opinions. Instead, by waiting to disclose Mr. Pate's opinions until the deadline for rebuttal expert reports, Defendants deprived Plaintiffs of the opportunity to rebut Mr. Pate's steering opinions.

Similarly, Defendants are unable to point to any justification—let alone substantial justification—for introducing affirmative expert testimony on steering for the first time in a rebuttal report. In its decision on a preliminary injunction, the Court determined Defendants could not fulfill their burden to show that the purported harms allegedly addressed by AB 290 were real, owing to their inability "to identify a single California patient steered into a private insurance plan by a dialysis provider or third-party payor." Dkt. 61 at 8. Accordingly, Defendants were aware early on in this case that they were obligated to adduce evidence of steering. They failed to do so during fact discovery and cannot remedy that failure through rebuttal expert testimony. *See Plumley*, 836 F. Supp. 2d at 1064 (finding that defendants' failure to comply with Rule 26 was not substantially justified when improper supplemental opinion was "integral" to defendants' argument and defendants could have reasonably anticipated the need for it).

Therefore, Mr. Pate's opinions regarding steering, *see* Ex. A, Pate Rep. ¶¶ 2-4, 6, 7, 28, 29, 41, 42, 49, 50, and 52, should be excluded under Rules 26 and 37(c) as outside the scope of Plaintiffs' experts' reports.

1          **B.     MR. PATE'S REPORT IMPROPERLY OFFERS LEGAL CONCLUSIONS**

2          Mr. Pate's expert report also contains improper legal conclusions which should

3     be excluded.  As detailed below, these legal conclusions purport to interpret statutes to

4     determine whether particular types of federally qualified insurance plans constitute

5     "federal health care programs" and are then subject to particular federal criminal laws.

6          OIG Advisory Opinion 97-1 creates a safe harbor for AKF to operate its HIPP in

7     compliance with the federal anti-kickback and beneficiary inducement statutes, 42

8     U.S.C. § 1320a-7b and 42 U.S.C. § 1320a-7a(a)(5).  These statutes in turn only apply

9     to "federal health care program[s]" as defined in section 1128B of the Social Security

10    Act, 42 U.S.C. § 1320a-7b(f).  And "qualified health plans" (QHPs) are a type of health

11    insurance plan created by the Patient Protection and Affordable Care Act of 2010 that

12    meet certain requirements.  Pub. L. No. 111–148, 124 Stat. 119 (2010).  Mr. Pate opines

13    that QHPs are not "federal health care programs" within the meaning of section 1128B

14    of the Social Security Act.  Ex. A, Pate Rep. ¶¶ 12, 34.  After conducting this legal

15    exercise in statutory interpretation, he opines that Advisory Opinion 97-1 (**1**) "does not

16    apply to the Exchanges or the individual health insurance market," *Id*. ¶ 34; and (**2**) does

17    not "provide a safe harbor for AKF's payment of premiums for individual market

18    coverage" or "any AKF payments for employer-sponsored coverage," *Id.* ¶ 54.  These

19    opinions are legal conclusions and therefore improper under Federal Rule of Evidence

20    702.

21         The Ninth Circuit explains "'an expert witness cannot give an opinion as to her

22    *legal conclusion*, i.e., an opinion on an ultimate issue of law.'"  *Nationwide Transp.*

23    *Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v.*

24    *Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004)).  The role of

25    an expert witness is to "interpret and analyze factual evidence . . . not testify about the

26    law." *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (citations

27    omitted).  Otherwise, expert testimony would invade the "'distinct and exclusive

28    province of the trial judge'" to resolve questions of law. *United States v. Weitzenhoff*,

35 F.3d 1275, 1287 (9th Cir. 1993) (quoting *United States v. Arvin*, 900 F.2d 1385, 1388-89 (9th Cir. 1990), *cert. denied*, 498 U.S. 1024 (1991).  Courts find that experts impermissibly offer legal conclusions when their testimony "interpret[s] the law for the court" or "advis[es] the court about how the law should apply to the facts of a particular case."  *Mannick v. Kaiser Found. Health Plan, Inc.*, No. C 03-5905 PJH, 2006 WL 1626909, at *17 (N.D. Cal. June 9, 2006).

Mr. Pate's statutory analysis of whether QHPs fall within the definition of "federal health care programs" constitutes an improper legal conclusion.  *See Willard v. Foremost Ins. Co.*, No. EDCV 13-0262 JGB (DTBx), 2014 WL 12589331, at *3 (C.D. Cal. May 9, 2014) (excluding expert's opinions that interpret certain statutes and regulations and opine on whether defendant's conduct ran afoul of those laws as improper legal conclusions).  This legal opinion animates his follow-on conclusions that "Advisory Opinion 97-1 does not apply to the Exchanges or the individual health insurance market," Ex. A, Pate Rep. ¶ 34, and "Advisory Opinion 97-1 did not provide a safe harbor for AKF's payment of premiums for individual market coverage" or "any AKF payments for employer-sponsored coverage," *Id*. ¶ 54.  In fact, Mr. Pate admitted as much during his deposition.  Ex. B, Pate Dep. 42:21-43:2 (affirming that whether a QHP constitutes a federal health care program under the anti-kickback statute is a legal issue).

In addition to being improper legal conclusions, Mr. Pate's opinions regarding QHPs rest on a deficient foundation.  Expert testimony must be "based on sufficient facts or data" and must be "the product of reliable principles and methods" are applied "reliably . . . to the facts of th[is] case."  Fed. R. Evid. 702.  During his deposition, Mr. Pate admitted that he did no legal research to reach his conclusion that QHPs are not federal health care programs.  Ex. B, Pate Dep. 45:11-13.  Indeed, Mr. Pate only considered one source, a letter written in 2013 by former Secretary of the Department of Health and Human Services Kathleen Sebelius to Representative Jim McDermott, as the basis for his legal conclusion.  *Id.* at 39:24-41:14.  He acknowledged his failure to

identify, let alone evaluate, legal analyses performed by others evaluating whether QHPs constitute "federal health care programs." *Id*. at 47:17-49:1. Mr. Pate's failure to provide any substantive support for his legal opinions further supports their exclusion.

Because Mr. Pate's opinions on matters of law are "inappropriate subjects for expert testimony," they must be excluded. *Aguilar v. Int'l Longshoremen's Union Loc. No. 10*, 966 F.2d 443, 447 (9th Cir. 1992).

## C.   MR. PATE'S REPORT IMPROPERLY OFFERS OPINIONS ON PLAINTIFFS' INTENT, MOTIVATIONS AND STATE OF MIND

Finally, Mr. Pate's expert report improperly speculates on the motivations of the Plaintiffs in this case. Mr. Pate opines that "offering premium assistance is, to some extent, a business strategy rather than a form of charity" for dialysis providers. Ex. A, Pate Rep. ¶ 39.[3] "'Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind.'" *Lanard Toys Ltd. v. Anker Play Prods., LLC*, No. CV 19-4350-RSWL-AFMX, 2020 WL 6873647, at *7 (C.D. Cal. Nov. 12, 2020) (quoting *Siring v. Or. State Bd. of Higher Educ. ex rel. E. Or. Univ.*, 927 F. Supp. 2d 1069, 1077 (D. Or. 2013)). Such opinions fail Federal Rule of Evidence 702's requirement that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702, because "[the factfinder] is sufficiently capable of drawing its own inferences regarding intent, motive, or state of mind from the evidence," *Siring*, 927 F. Supp. 2d at 1077. Further, "opinions of [expert] witnesses on the intent, motives, or states of mind of corporations, regulatory agencies and others" must be excluded under Federal Rule of Evidence 702 because they have "'no basis in any relevant body

---

[3] At his deposition, Mr. Pate acknowledged that he conducted no factual investigation into the specific motivations or intent of the Plaintiffs in this case regarding their motivation in contributing to AKF's HIPP program. Ex. B, Pate Dep. 90:20-91:2. Moreover, he admitted that health care providers might have altruistic motivations in making financial contributions to entities that offer premium assistance. *Id.* at 91:4-11.

1   of knowledge or expertise.'" *Stanley v. Novartis Pharms. Corp.*, No. CV 11-03191 JGB

2   (OPx), 2014 WL 12573393, at *6 (C.D. Cal. May 6, 2014) (quoting *In re Resulin Prods.*

3   *Liab. Litig.*, 309 F. Supp 2d 531, 546 (S.D.N.Y. 2004).

4          By opining that dialysis providers offer premium assistance to some extent as a

5   business strategy, Ex. A, Pate Rep. ¶ 39, Mr. Pate impermissibly guesses at the

6   motivations behind Plaintiffs' donations to support AKF's HIPP.   Such

7   "'unsubstantiated speculation'" is exactly the type of expert testimony that Federal Rule

8   of Evidence 702 prohibits. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (quoting

9   *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997)).   Not only

10  is the factfinder equally capable of drawing conclusions regarding Plaintiffs' state of

11  mind in this case, Mr. Pate admittedly lacks any specialized knowledge or expertise

12  regarding Plaintiffs' motivations sufficient to satisfy Federal Rule of Evidence 702. *See*

13  Ex. B, Pate Dep. 92:6-11.   Therefore, Mr. Pate's opinion regarding Plaintiffs'

14  motivations and state of mind must be excluded.

15  **III.   CONCLUSION**

16         Plaintiffs respectfully request that the Court issue an order excluding Mr. Pate's

17  improper opinions offered in paragraphs 2-4, 6, 7, 12, 28, 29, 34, 39, 41, 42, 49, 50, 52,

18  and 54 of his Expert Report from consideration at summary judgment or introduction

19  into evidence at trial.

20  Dated: March 4, 2022                    **KING & SPALDING LLP**

21

22                                  By: */s/Joseph N. Akrotirianakis*
                                        JOSEPH N. AKROTIRIANAKIS
23                                      MATTHEW M. LELAND

24                                      Attorneys for Plaintiffs
                                        JANE DOE, STEPHEN ALBRIGHT,
25                                      AMERICAN KIDNEY FUND, INC.,
                                        and DIALYSIS PATIENT CITIZENS,
26                                      INC.

27

28

| | |
|---|---|
| /s/ Glenn D. Dassoff | /s/Michael E. Bern |
| GLENN D. DASSOFF (SBN 96809) | MICHAEL E. BERN (*pro hac vice*) |
| gdassoff@orrick.com | michael.bern@lw.com |
| KRISTOPHER R. WOOD (SBN 284727) | STUART S. KURLANDER (*pro hac vice*) |
| kristopher.wood@orrick.com | Stuart.Kurlander@lw.com |
| ORRICK HERRINGTON & SUTCLIFFE LLP | ABID R. QURESHI (*pro hac vice*) |
| 2050 Main Street, Suite 1100 | abid.qureshi@lw.com |
| Irvine, CA 92614 | LATHAM & WATKINS LLP |
| Telephone:     (949) 567-6700 | 555 Eleventh Street NW |
| Facsimile:      (949) 567-6710 | Washington, DC 20004 |
| | Telephone:     (202) 637-1021 |
| | Facsimile:      (202) 637-2201 |
| | |
| ERIC A. SHUMSKY (SBN 206164) | ANDREW GRAY (SBN 254594) |
| eshumsky@orrick.com | andrew.gray@lw.com |
| ORRICK HERRINGTON & SUTCLIFFE LLP | LATHAM & WATKINS LLP |
| 1152 15th Street NW | 650 Town Center Drive, 20th Floor |
| Washington, DC 20005 | Costa Mesa, CA 92626 |
| Telephone:     (202) 339-8400 | Telephone:   (714) 755-8017 |
| Facsimile:      (202) 339-8500 | Facsimile:    (714) 755-8290 |
| | |
| RACHEL G. SHALEV (*pro hac vice*) | ***Attorneys for Plaintiff*** **U.S. Renal Care, Inc.** |
| rshalev@orrick.com | |
| ORRICK HERRINGTON & SUTCLIFFE LLP | /s/ Kelly P. Dunbar |
| 51 West 52nd Street | DAVID W. OGDEN (*pro hac vice*) |
| New York, NY 10019 | david.ogden@wilmerhale.com |
| Telephone:     (212) 506-5000 | KELLY P. DUNBAR (*pro hac vice*) |
| Facsimile:      (212) 506-5151 | kelly.dunbar@wilmerhale.com |
| | ARI HOLTZBLATT (*pro hac vice*) |
| | ari.holtzblatt@wilmerhale.com |
| | 1875 Pennsylvania Avenue NW |
| JAMES F. BENNETT (Admitted Pro Hac Vice) | Washington, DC 20006 |
| jbennett@dowdbennett.com | Telephone:     (202) 663-6440 |
| MEGAN S. HEINSZ (Admitted Pro Hac Vice) | Facsimile:      (202) 663-6363 |
| mheinsz@dowdbennett.com | RUTH E. VINSON (SBN 300118) |
| DOWD BENNETT LLP | ruth.vinson@wilmerhale.com |
| 7733 Forsyth Blvd., Suite 1900 | WILMER CUTLER PICKERING |

10

St. Louis, MO 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111

**Attorneys for Plaintiffs Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America, and Fresenius Medical Care Orange County, LLC**

HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7518
Facsimile: (212) 230-8888

JOSHUA A. VITTOR (SBN 326221)
joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5375
Facsimile: (213) 443-5400

**Attorneys for Plaintiff DaVita Inc.**

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS AND TESTIMONY OF RANDOLPH WAYNE PATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

I, Joseph N. Akrotirianakis, hereby attest that all other signatories listed above

concur in this filing's content and have authorized me to make this filing.

Dated: March 4, 2022

**KING & SPALDING LLP**

By: */s/Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
MATTHEW M. LELAND
ASHLEY C. PARRISH

Attorneys for Plaintiffs
JANE DOE, STEPHEN ALBRIGHT,
AMERICAN KIDNEY FUND, INC.,
and DIALYSIS PATIENT CITIZENS,
INC.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS AND
TESTIMONY OF RANDOLPH WAYNE PATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF