ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
LISA J. PLANK
S. CLINTON WOODS
Deputy Attorneys General
State Bar No. 246054
  455 Golden Gate Ave
  Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3807
  Fax: (415) 703-5480
  E-mail: Clint.Woods@doj.ca.gov
*Attorneys for Defendants Rob Bonta, et al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **JANE DOE; STEPHEN ALBRIGHT; AMERICAN KIDNEY FUND, INC.; and DIALYSIS PATIENT CITIZENS, INC.,**<br><br>                      Plaintiffs,<br><br>**v.**<br><br>**ROB BONTA, in his Official Capacity as Attorney General of California; RICARDO LARA in his Official Capacity as California Insurance Commissioner; SHELLY ROUILLARD in her official Capacity as Director of the California Department of Managed Health Care; and TOMAS ARAGON, in his Official Capacity as Director of the California Department of Public Health,**<br><br>                      Defendants. | 8:19-cv-02105-DOC (ADSx)<br><br>**SUPPLEMENTAL BRIEF SUPPORTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Courtroom: 9D<br>Judge: The Honorable David O. Carter<br><br>Action Filed: November 1, 2019 |

1

| | |
|---|---|
| FRESENIUS MEDICAL CARE ORANGE COUNTY, LLC; DAVITA INC., FRESENIUS MEDICAL CARE HOLDINGS, INC., d/b/a Fresenius Medical Care North America; U.S. RENAL CARE, INC., | |
| | Plaintiffs, |
| v. | |
| ROB BONTA, in his Official Capacity as Attorney General of California; RICARDO LARA in his Official Capacity as California Insurance Commissioner; SHELLY ROUILLARD in her official Capacity as Director of the California Department of Managed Health Care; and TOMAS ARAGON, in her official capacity as Director of the California Department of Public Health, | |
| | Defendants. |

## INTRODUCTION

On June 21, 2022, the Supreme Court issued an opinion in *Marietta Memorial Hospital Employee Health Benefit Plan v. DaVita Inc.*, 142 S. Ct. 1968 (2022) (*Marietta*), and in doing so foreclosed the *Doe* Plaintiffs' preemption claim based on the Medicare Secondary Payer Act (MSPA). Nor does the *Marietta* decision support the *Fresenius* Plaintiffs' preemption claim. Neither claim should survive summary judgment.

## BACKGROUND

### I. THE *DOE* PLAINTIFFS' MSPA PREEMPTION CLAIM

In their second claim for relief, the *Doe* Plaintiffs allege that AB 290 is in direct conflict with section 1395y(b) of the MSPA, which contains both the so-called "take into account" and "non-differentiation" provisions. ECF No. 1 (*Doe* Complaint), ¶ 92. The "take into account" provision prohibits group health plans

2

from "tak[ing] into account that an individual [with ESRD] is entitled to or eligible for [Medicare] benefits" for the first thirty months of eligibility. 42 U.S.C. § 1395y(b)(1)(C)(i). The "nondifferentiation" requirement provides that group health plans "may not differentiate in the benefits [they] provide[] between individuals having end stage renal disease and other individuals covered by such plan on the basis of the existence of end stage renal disease, the need for renal dialysis, or in any other manner" during the first thirty months of Medicare eligibility. *Id.* at § 1395y(b)(1)(C)(ii). Prohibited "differentiation" includes "[i]mposing on persons who have ESRD, but not on others enrolled in the plan, benefit limitations" and "[p]aying providers and suppliers less for services furnished to individuals who have ESRD than for the same services furnished to those who do not have ESRD . . . ." 42 C.F.R. §§ 411.161(b)(ii), (iv).

The *Doe* Plaintiffs also allege obstacle preemption, asserting that AB 290 both "interferes with the MSPA's "objective of creating a public-private partnership to cover and pay for the costs associated with treatment for ESRD patients" and allows insurers to treat insureds differently on the basis of their ESRD diagnosis. *Doe* Complaint, ¶¶ 93-94. Yet in briefing on this claim, the *Doe* Plaintiffs alleged only that AB 290 creates obstacle preemption based on the "non-differentiation" provision. *See, e.g.*, *Doe* ECF No. 156 at 24-25 ("…AB 290 draws a sharp and impermissible distinction between ESRD patients and those suffering" from other kidney ailments); *Doe* ECF No. 167 at 15-16.

## II. THE *FRESENIUS* PLAINTIFFS' PREEMPTION CLAIM

The *Fresenius* Plaintiffs' preemption claim alleges that AB 290 frustrates various congressional goals expressed in a grab bag of federal statutes and regulations. *Fresenius* ECF No. 1 (*Fresenius* Complaint), ¶¶ 126-136. In particular, the *Fresenius* Plaintiffs allege that AB 290 runs contrary to Congress's aims as stated in the MSPA by "forcing ESRD patients from commercial coverage

to Medicare or Medi-Cal..." *Id.* at ¶ 132. The *Fresenius* Plaintiffs did not move for summary judgment on their preemption claim. *See Fresenius* ECF No. 153-1.

## III. THE *MARIETTA* DECISION

In a 7-2 decision authored by Justice Kavanaugh, the Supreme Court considered and squarely rejected arguments nearly identical to the ones put forth by the *Doe* Plaintiffs here. *Marietta*, 142 S. Ct. at 1973-75. There, DaVita alleged that an insurance plan which offered the same benefits to all members but limited reimbursement rates for outpatient dialysis ran afoul of both the "take into account" and "non-differentiation" provisions of the MSPA. *Id.* at 1972. DaVita argued that the MSPA is violated "even when a plan limits benefits in a uniform way if the limitation on benefits has a disparate impact on individuals with end-stage renal disease." *Id.* at 1973.

First, the Court held that plans that treat all patients the same but may have disparate impacts on ESRD patients do not run afoul of the "non-differentiation" provisions of the MSPA. *Id.* at 1973-74 ("The text of the [MSPA] cannot be read to encompass a disparate-impact theory.") The Court further observed that DaVita's disparate impact theory "is not only atextual but would be all but impossible to fairly implement." *Id.*

The Court then rejected DaVita's "take into account" argument for similar reasons. *Id.* at 1974-75. It held that because the plan provided the same outpatient dialysis benefits to all plan participants, regardless of whether they were eligible for Medicare coverage, the plan did not violate the "take into account" provision. *Id.*

## ARGUMENT

### I. *MARIETTA* FORECLOSES THE *DOE* PLAINTIFFS' MSPA PREEMPTION CLAIM

Both of the *Doe* Plaintiffs' core arguments about AB 290's supposed conflict with the MSPA are foreclosed by *Marietta*. The *Doe* Plaintiffs argue on summary judgment that AB 290 is preempted by the MSPA because it differentiates with

regard to reimbursement rates between ESRD patients who are receiving HIPP and those who are not. *See Doe* ECF No. 132 at 24 ("AB 290 thus draws a sharp and impermissible distinction in payments for HIPP and non-HIPP ESRD patients.") But *Marietta* holds that a distinction of this kind does not violate the MSPA, since it does not result in different benefits for ESRD patients based on their ESRD status. The Supreme Court cited with approval, 142 S. Ct. at 1973, a recent Ninth Circuit decision holding that the "pertinent inquiry" is "whether the plan's provisions 'result' in *different benefits for persons with ESRD*, not whether the plan's provisions disproportionately affect persons with ESRD or otherwise 'discriminate' against persons with ESRD." *DaVita Inc. v. Amy's Kitchen, Inc.*, 981 F.3d 664, 674-75 (9th Cir. 2020).

Similarly, *Marietta* makes clear that a regulation that affects ESRD patients differently than it affects other patients does not violate the "take into account" provision unless it differentiates between patients based on their eligibility for Medicare. *Marietta*, 142 S. Ct. at 1974-75. AB 290's challenged provisions are not alleged to, and obviously do not, differentiate between patients based on their eligibility for Medicare.

The *Doe* Plaintiffs' obstacle preemption claim, *see Doe* Complaint ¶ 94, fails for the same reasons. Their theory that AB 290 somehow disrupts the public-private partnership to cover the costs of ESRD patients has never been developed and Plaintiffs all but abandon it in their summary judgment briefing.

## II.   *MARIETTA* DOES NOT SUPPORT THE *FRESENIUS* PLAINTIFFS' PREEMPTION CLAIM

The *Fresenius* Plaintiffs argue that AB 290 conflicts with the general goals of the MSPA because AB 290 may prompt patients to shift from private to public insurance coverage. *Fresenius* Complaint, ¶ 132. For the reasons stated above, *ante* Argument I, *Marietta* does not suggest that such a shift in coverage would support a determination that AB 290 conflicts with the MSPA, and thus *Marietta*

5

does not bolster the *Fresenius* Plaintiffs' preemption claim. To be clear, "[i]nvoking some brooding federal interest or appealing to a judicial policy preference should never be enough to win preemption of a state law; a litigant must point specifically to 'a constitutional text or a federal statute' that does the displacing or conflicts with state law," or that authorizes an agency to do so. *Va. Uranium, Inc. v. Warren*, 139 S. Ct. 1894, 1901 (2019) (lead opinion of Gorsuch, J.) (cleaned up). The *Fresenius* Plaintiffs have failed to identify any such conflicting federal statute, and there is none. Their preemption claim should be rejected.

## CONCLUSION

Defendants are entitled to summary judgment on all preemption claims.

Dated: November 17, 2022

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
LISA J. PLANK
Deputy Attorney General


*/s/ S. Clinton Woods*
S. CLINTON WOODS
Deputy Attorney General
*Attorneys for Defendants Attorney General Rob Bonta, et al.*

SA2019106023
43481103.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | ***Jane Doe, et al v. Xavier Becerra, et al.*** | Case No. | **8:19-cv-02105-DOC (ADSx)** |

I hereby certify that on <u>November 17, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**SUPPLEMENTAL BRIEF SUPPORTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 17, 2022</u>, at San Francisco, California.

| | |
|---|---|
| K. Figueroa-Lee | *[signature]* |
| Declarant | Signature |

SA2019106023
43480051.docx