DAVID W. OGDEN (*pro hac vice*)
David.Ogden@wilmerhale.com
KELLY P. DUNBAR (*pro hac vice*)
Kelly.Dunbar@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:   (202) 663-6440
Facsimile:   (202) 663-6363
*Attorneys for Plaintiff* **DaVita Inc.**

GLENN D. DASSOFF (SBN 96809)
gdassoff@orrick.com
KRISTOPHER R. WOOD (SBN 284727)
kristopher.wood@orrick.com
ORRICK HERRINGTON &
   SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614
Telephone:   (949) 567-6700
Facsimile:   (949) 567-6710
*Attorneys for Plaintiffs* **Fresenius Medical Care Orange County, LLC and Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America**

STUART S. KURLANDER (*pro hac vice*)
Stuart.Kurlander@lw.com
ABID R. QURESHI (*pro hac vice*)
Abid.Qureshi@lw.com
MICHAEL E. BERN (*pro hac vice*)
Michael.Bern@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone:   (202) 637-2200
Facsimile:   (202) 637-2201
*Attorneys for Plaintiff* **U.S. Renal Care, Inc.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, *et al.*,<br><br>          *Plaintiffs*.<br><br>  v.<br><br>ROB BONTA, in his official capacity as Attorney General; *et al.*,<br><br>          *Defendants*. | No. 8:19-cv-02105 DOC (ADSx)<br><br>**SUPPLEMENTAL BRIEF FILED ON BEHALF OF PROVIDER PLAINTIFFS**<br><br>Judge David O. Carter<br><br>Date:    December 16, 2022<br>Time:    9:00 a.m.<br>Trial Date:  n/a |

At the October 27, 2022, hearing on cross motions for summary judgment, the Court directed the parties to submit supplemental briefing as to whether and how the Supreme Court's decision in *Marietta Memorial Hospital Employee Health Benefit Plan v. DaVita Inc.*, 142 S. Ct. 1968 (2022), affects the parties' summary judgment positions. *See* ECF No. 193. Plaintiffs Fresenius Medical Care Orange County, LLC; DaVita Inc.; Fresenius Medical Care Holdings, Inc., doing business as Fresenius Medical Care North America; and U.S. Renal Care, Inc. (collectively, the "Provider Plaintiffs") respectfully submit that the Supreme Court's holding in *Marietta* has no relevance to most of Provider Plaintiffs' claims (including, for example, the First Amendment claims this Court addressed in its preliminary injunction decision), though aspects of the Supreme Court's background discussion support Plaintiffs' obstacle preemption claim.

1. As this Court is aware, Provider Plaintiffs have advanced the following challenges to AB 290:

- AB 290 violates the First and Fourteenth Amendments to the U.S. Constitution because (a) the Advising Restriction is unconstitutionally vague; (b) the Advising Restriction is subject to, but cannot survive, heightened First Amendment scrutiny; (c) the Reimbursement Penalty is subject to, but cannot survive, heightened First Amendment scrutiny; and (d) AB 290 is overbroad. *See* Provider Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Summary Judgment, *Fresenius* docket, ECF 153-1; Provider Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment, *Fresenius* docket, ECF No. 176 ("Provider Pls. Opp."), at 2-15; Provider Plaintiffs' Reply in Support of Their Motion for Summary Judgment, *Fresenius* docket,

ECF No. 190.[1]

- AB 290 violates the Due Process Clause of the U.S. Constitution. *See* Provider Pls. Opp. at 21-23.

- AB 290 impairs Provider Plaintiffs' negotiated contracts with health insurance companies in violation of the Contract Clause and Takings Clause of the U.S. Constitution. *See* Provider Pls. Opp. at 24-25.

- AB 290 is preempted by federal law because (a) it is impossible to comply with the Advising Restriction and federal regulatory requirements that dialysis providers educate patients about insurance options and (b) AB 290 frustrates the purposes and objects of federal law by meaningfully restricting ESRD patients' choice in health insurance, a key objective of federal ESRD policy. *See* Provider Pls. Opp. at 16-21.

2. *Marietta* is entirely irrelevant to the first three categories of claims. *Marietta* involved a pure question of statutory interpretation: do certain provisions of the Medicare Secondary Payer Act, 42 U.S.C. §§ 1395y(b)(1)(C), (2), (4), prohibit group health insurance plans from treating ESRD patients less favorably than other plan enrollees by providing inferior coverage for dialysis treatments that ESRD patients need to stay alive? Narrowly interpreting the Medicare Secondary Payor Act, the Supreme Court held that because the group health plan at issue applied the same (limited) dialysis benefits "uniformly to all covered individuals," it did not violate the statute. *Id.* at 1975. That statutory interpretation has no bearing on the constitutional defects in the state law at issue here.

3. Although *Marietta*'s holding is not relevant to Provider Plaintiffs'

---

[1] The Provider Plaintiffs submitted their summary judgment briefs on the related case docket, *Fresenius Medical Care Orange County, LLC, et al. v. Bonta, et al.*, 19-cv-2130. The Court consolidated this action (brought by the *Doe* Plaintiffs) and the *Fresenius* action on April 26, 2022, after the summary judgment motions were fully briefed.

1  claims arising under the First and Fourteenth Amendments, the Due Process
2  Clause, the Contract Clause, or the Taking Clause, the Supreme Court's discussion
3  of the Medicare Secondary Payer Act, *see Marietta*, 142 S. Ct. at 1971-92,
4  supports Provider Plaintiffs' argument that AB 290 is preempted by federal law
5  because it impairs the purposes and objectives of federal law, *see* Provider Pls.
6  Opp. at 16-21.  (Plaintiffs in the *Doe* action—the American Kidney Fund, Dialysis
7  Patient Citizens, Inc., and two ESRD patients—will separately address the
8  relevance of *Marietta* to their claims in their supplemental brief.)

9       Specifically, *Marietta* confirms that Congress intended ESRD patients to
10 have choice among Medicare and private insurance; indeed, that Congress *did not*
11 *want* the public through Medicare to bear the full cost of ESRD treatment; and that
12 an ESRD diagnosis should not disrupt a patient's existing insurance unless that
13 patient *chooses* to exercise his or her right to switch to Medicare.  *See Marietta*,
14 142 S. Ct. at 1971-72 (explaining the statute's role in responding "to rising
15 Medicare costs," including those associated with covering ESRD, and identifying
16 Congress's intent to "make[] Medicare a 'secondary' payer to an individual's
17 existing insurance plan for certain medical services, including dialysis, when that
18 plan already covers the same services").  These principles help demonstrate that
19 AB290's Reimbursement Penalty, by targeting for regulation the American Kidney
20 Fund's choice-affirming charitable assistance program and by penalizing those
21 who support and associate with the American Kidney Fund, is flatly at odds with
22 the purposes and objects of federal law.

23      As this Court is aware, ESRD patients require life-sustaining care, and the
24 right to retain private insurance coverage is integral to the comprehensive system
25 that Congress established for funding it.  When Congress extended Medicare
26 eligibility to ESRD patients regardless of age, it gave these patients the option to
27 choose Medicare without requiring them to do so.  42 U.S.C. § 426-1(a) & (b).
28 Patients who already had private insurance before being diagnosed with ESRD

retained the option to continue using it for a period of time. One critical purpose and effect of this congressionally created option was to spread the cost of ESRD treatment between private insurers and Medicare. Congress subsequently enacted the Medicare Secondary Payor Act, which also was designed to protect the public fisc. It did so by preventing certain private insurers from shifting costs onto the government for Medicare-eligible patients who are already covered by another plan. 42 U.S.C. § 1395y(b)(1)(C). The statute specifically requires that, when a patient with group health coverage is diagnosed with ESRD and stays on their group health plan, that plan—and not Medicare—must assume primary payment responsibility during a "coordination" period (currently 30 months).

*Marietta*'s discussion of this federal balance supports the Provider Plaintiffs' argument that Congress understood that many ESRD patients would choose to continue their private insurance, even when they are diagnosed with ESRD and thereby become eligible for Medicare. *See Marietta*, 142 S. Ct. at 1971-72. Making that choice is not, as the State here suggests, proof of improper "steering" but rather consistent with Congress's understanding that, for many patients, keeping their existing coverage was better for them, their families, and the public fisc, than moving to a public insurance program. By seeking to disrupt ESRD patient choice in health insurance—a key objective of federal law—AB 290 is preempted. *See* Provider Pls. Opp. at 16-21.

| | | |
|---|---|---|
| 1 | Dated:       November 17, 2022 | Respectfully submitted, |
| 2 | /s/ *Glenn D. Dassoff* | /s/ *Kelly P. Dunbar* |
| 3 | GLENN D. DASSOFF (SBN 96809) | DAVID W. OGDEN (*pro hac vice*) |
|   | gdassoff@orrick.com | David.Ogden@wilmerhale.com |
| 4 | KRISTOPHER R. WOOD (SBN | KELLY P. DUNBAR (*pro hac vice*) |
| 5 |   284727) | Kelly.Dunbar@wilmerhale.com |
| 6 | kristopher.wood@orrick.com | ARI HOLTZBLATT (*pro hac vice*) |
|   | ORRICK HERRINGTON & | Ari.Holtzblatt@wilmerhale.com |
| 7 |   SUTCLIFFE LLP | WILMER CUTLER PICKERING |
| 8 | 2050 Main Street, Suite 1100 |   HALE AND DORR LLP |
|   | Irvine, CA 92614 | 1875 Pennsylvania Avenue NW |
| 9 | Telephone:   (949) 567-6700 | Washington, DC 20006 |
| 10 | Facsimile:   (949) 567-6710 | Telephone:   (202) 663-6440 |
|   |   | Facsimile:   (202) 663-6363 |
| 11 | ERIC A. SHUMSKY (SBN 206164) |   |
| 12 | eshumsky@orrick.com | JOSHUA A. VITTOR (SBN 326221) |
|   | ORRICK, HERRINGTON & | Joshua.Vittor@wilmerhale.com |
| 13 |   SUTCLIFFE LLP | WILMER CUTLER PICKERING |
| 14 | 1152 15th Street NW |   HALE AND DORR LLP |
|   | Washington, DC 20005 | 350 South Grand Avenue, Suite 2400 |
| 15 | Telephone:   (202) 339-8400 | Los Angeles, CA 90071 |
| 16 | Facsimile:   (202) 339-8500 | Telephone:   (213) 443-5375 |
|   |   | Facsimile:   (213) 443-5400 |
| 17 | RACHEL G. SHALEV (*Admitted* |   |
| 18 |   *Pro Hac Vice*) | ***Attorneys for Plaintiff* DaVita Inc.** |
|   | rshalev@orrick.com |   |
| 19 | ORRICK HERRINGTON & | /s/ *Stuart S. Kurlander* |
| 20 |   SUTCLIFFE LLP | STUART S. KURLANDER (*pro hac vice*) |
|   | 51 West 52nd Street | Stuart.Kurlander@lw.com |
| 21 | New York, NY 10019 | ABID R. QURESHI (*pro hac vice*) |
| 22 | Telephone:   (212) 506-5000 | Abid.Qureshi@lw.com |
|   | Facsimile:   (212) 506-5151 | MICHAEL E. BERN (*pro hac vice*) |
| 23 |   | Michael.Bern@lw.com |
| 24 | JAMES F. BENNETT (*Admitted Pro* | LATHAM & WATKINS LLP |
|   |   *Hac Vice*) | 555 Eleventh Street, NW, Suite 1000 |
| 25 | jbennett@dowdbennett.com | Washington, DC 20004 |
| 26 | MEGAN S. HEINSZ (*Admitted Pro* | Telephone:   (202) 637-2200 |
|   |   *Hac Vice*) | Facsimile:   (202) 637-2201 |
| 27 | mheinsz@dowdbennett.com |   |
|   | DOWD BENNETT LLP |   |
| 28 | 7733 Forsyth Blvd., Suite 1900 | ANDREW GRAY (SBN 254594) |
|   | St. Louis, MO 63105 | Andrew.Gray@lw.com |

Telephone:   (314) 889-7300
Facsimile:   (314) 863-2111

**Attorneys for Plaintiffs** Fresenius Medical Care Orange County, LLC and Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America

LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone:   (714) 755-8017
Facsimile:   (714) 755-8290

**Attorneys for Plaintiff** U.S. Renal Care, Inc.

## ATTESTATION

I, Kelly Dunbar, hereby attest that all other signatories listed above concur in this filing's content and have authorized me to make this filing.

Dated:  November 17, 2022

*/s /Kelly Dunbar*
Kelly Dunbar