**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-02105-DOC-ADS                                                         Date:  April 4, 2024

Title: JANE DOE ET AL. v. XAVIER BECERRA ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):  ORDER DENYING MOTION FOR RECONSIDERATION [209]**

    Before the Court is Defendants Attorney General Rob Bonta, Ricardo Lara in his official capacity as California Insurance Commissioner; Mary Watanabe, in her official capacity as Director of the California Department of Managed Health Care; and Tomás Aragón, in his official capacity as Director of the California Department of Public Health ("Defendants" or "the State") Motion for Reconsideration ("Motion" or "Mot.") (Dkt. 209). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. Pro. 78; Cal. R. 7-15. Having reviewed the papers, the Court **DENIES** Defendant's Motion.

    **I.  BACKGROUND**

    The Court has discussed the background extensively in prior orders. On January 9, 2024, the Court entered an order resolving the parties' cross motions for summary judgment. ("Order") (Dkt. 207). In brief, the Court upheld AB 290's reimbursement cap and found unconstitutional the part of the law that requires a financially interested entity making a third party premium payment like the American Kidney Fund (AKF), to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-cv-02105-DOC-ADS                                      Date: April 4, 2024
                                                                                                Page 2

"[d]isclose[] to the health care service plan, prior to making the initial payment, the name of the enrollee for each health care service plan contract on whose behalf a third-party premium payment . . . will be made." Order at 42-43; *see* AB 290, §§ 3(c)(2), 5(c)(2).

Defendant filed its Motion for Reconsideration on January 23, 2024, asking the Court to uphold sections 3(c)(2) and 5(c)(2) against Plaintiffs' First Amendment claim. Plaintiffs opposed on February 6, 2024 (Dkt. 210). Defendant replied on February 13, 2024 (Dkt. 212).

## II.   LEGAL STANDARD

"As long as a district court has jurisdiction over [a] case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

In addition, Local Rule 7-18 provides that a motion for reconsideration of an order may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. R. 7-18. Local Rule 7-18 also states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-cv-02105-DOC-ADS                                          Date: April 4, 2024
                                                                                                                                Page 3

## III. DISCUSSION

Defendants ask the Court to reconsider one portion of its Order under Federal Rule of Civil Procedure 60(b)(1) and (b)(6), and Local Rule 7-18, and request that the Court uphold sections 3(c)(2) and 5(c)(2) against Plaintiffs' First Amendment claim. *See generally* Mot. In striking down these sections of the statute, the Court found that Defendants "d[id] not respond to [Plaintiffs'] argument in opposition" or explain how these provisions "advance[] a substantial state interest." Order at 43. Defendants argue that, contrary to the Court's assessment, they addressed the disputed provisions in their briefing and "demonstrated that the provisions advance California's substantial interest in the reimbursement cap's enforcement," thus entitling them to reconsideration. Mot. at 3. Defendants assert that Court overlooked that they repeatedly argued that the Patient Disclosure Mandate should be upheld under the test for compelled commercial speech set forth in *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S 626, 651 (1985).

The *Zauderer* test is akin to rational basis review, requiring primarily that any compelled disclosure of purely factual and uncontroversial commercial speech be "reasonably related to a substantial government interest." *CTIA – The Wireless Ass'n v. City of Berkeley*, 928 F.3d 832, 845 (9th Cir. 2019). The Court, however, held that the mandate instead triggers exacting scrutiny under the First Amendment because it compels AKF to disclose the names of individual patients receiving charitable assistance to private insurance companies. Order at 42–43. As the Court explained in its Order, compelled disclosures that burden associational rights are "reviewed under exacting scrutiny," which requires "a substantial relation between the disclosure requirement and a sufficiently important governmental interest" and "narrow[ ] tailor[ing] to the government's asserted interest." *Ams. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2383 (2021). The Court struck down the provisions of the law at issue here on the grounds that those sections of the statute are not tailored to advance a substantial state interest. Order at 43.

The Court disagrees with Defendants' contentions that their argument regarding the application of the *Zauderer* standard entitle them to reconsideration, and that the *Zauderer* standard is applicable here. In applying the correct standard under *Ams. For Prosperity Found.*, the Court found that Defendants had not presented any compelling argument that it meets that standard. *See* Order at 42-43 ("Even if such a requirement would meaningfully assist the State in regulating insurance markets, protecting patient health, and preventing charitable fraud and self-dealing, the provisions are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-cv-02105-DOC-ADS                                                  Date: April 4, 2024
                                                                                                              Page 4

sufficiently tailored."). In their Motion, Defendants present no argument that compels the Court to change that analysis. Therefore, Defendants have failed to demonstrate that they meet the standard for reconsideration under Federal Rule of Civil Procedure 60(b)(1) and (b)(6) and Local Rule 7-18.

## IV.    DISPOSITION

For the reasons explained above, the Court **DENIES** Defendants' Motion to Reconsider. As ordered in Dkt. 211, the parties shall meet and confer and, within twenty-one (21) days of this order, and shall submit to the Court a joint status report regarding their proposed resolution of any outstanding issues for consideration by the Court.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                          Initials of Deputy Clerk: kd

CIVIL-GEN