# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, *et al.*, | No. 8:19-cv-02105 DOC (ADSx) |
| *Plaintiffs*. | **STIPULATED FINAL JUDGMENT, PERMANENT INJUNCTION, AND STAY PENDING APPEAL** |
| v. | |
| ROB BONTA, in his official capacity as Attorney General; *et al.*, | |
| *Defendants*. | |

Several Plaintiffs[1] in these related cases filed complaints in 2019 alleging that Assembly Bill No. 290, ch. 862, 2019 Cal. Stat. ___ ("AB 290"), violates their rights under the First and Fourteenth Amendments of the United States Constitution and was preempted by federal law, and therefore could not be lawfully administered or enforced by Defendants.[2]  ECF No. 1; *Fresenius* docket, Case No. 8:19-cv-2130, ECF No. 1.

On December 30, 2019, the Court granted a preliminary injunction, enjoining the administration or enforcement of AB 290 in full.  *See* ECF No. 58.  On January 9, 2024, the Court granted in part and denied in part Plaintiffs' motions for summary judgment, holding that certain provisions of AB 290 violate the First Amendment of the United States Constitution, and are therefore void.  *See* ECF No. 189.  The Court also granted in part and denied in part Defendants' motions for summary judgment, holding that other provisions of AB 290 are constitutional.  *See id.*  On April 4, 2024, the Court denied Defendants' motion for reconsideration.  *See* ECF No. 214.

Without waiving their rights to appeal, Plaintiffs and Defendants, by and through their counsel, have agreed to the entry of this Stipulated Final Judgment, Permanent Injunction, and Stay Pending Appeal to (i) effectuate the Court's summary judgment decision, and (ii) to preserve the status quo during the

---

[1] The Plaintiffs are Jane Doe; Stephen Albright; the American Kidney Fund, Inc., Dialysis Patient Citizens, Inc., Fresenius Medical Care Orange County, LLC; DaVita Inc.; Fresenius Medical Care Holdings, Inc., doing business as Fresenius Medical Care North America; and U.S. Renal Care, Inc.

[2] Defendants are Rob Bonta, in his Official Capacity as Attorney General of California; Ricardo Lara, in his Official Capacity as the Director of the California Department of Insurance; Mary Watanabe, in her Official Capacity as Director of the California Department of Managed Health Care; and Tomás J. Aragón, in his official capacity as Acting Director of the California Department of Public Health.

pendency of any appeal.³ The Court having considered the filings, and with good cause therefor appearing, **HEREBY ORDERS, ADJUDGES, AND DECREES** as follows:

**DECLARATORY JUDGMENT AND PERMANENT INJUNCTION**

1. This Court has jurisdiction over the subject matter of this case and over the parties pursuant to 42 U.S.C. § 1331 and 42 U.S.C. § 1983.

2. The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201.

3. Venue in this District is proper under 28 U.S.C. § 1391(b).

4. Sections 2(a), 3(b)(4), and 5(b)(4) of AB 290 violate the First Amendment of the United States Constitution and are void and shall not be administered or enforced by any Defendant or by any Defendant's agents, servants, or employees.

5. Sections 3(b)(2) and 5(b)(2) of AB 290 violate the First Amendment of the United States Constitution and are void and shall not be administered or enforced by any Defendant or by any Defendant's agents, servants, or employees.

6. Sections 3(c)(2) and 5(c)(2) of AB 290 violate the First Amendment of the United States Constitution and are void and shall not be administered or enforced by any Defendant or by any Defendant's agents, servants, or employees.

7. Sections 2(a), 3(b)(4), and 5(b)(4), sections 3(b)(2) and 5(b)(2), and sections 3(c)(2) and 5(c)(2) are severable from the remainder of AB 290.

8. Sections 3(e)(1), 3(f)(1), 5(e)(1), and 5(f)(1) of AB 290 do not violate the First Amendment of the United States Constitution.

---

³ Plaintiffs and Defendants have submitted the Stipulated Final Judgment solely for the purpose of facilitating the entry of Final Judgment, and they do so expressly preserving all available rights to challenge on appeal any aspect of the Court's summary judgment decision underlying the Final Judgment.

9. Sections 3(b)(3) and 5(b)(3) of AB 290 do not violate the First Amendment of the United States Constitution.

10. Section 7 of AB 290 does not violate the First Amendment of the United States Constitution.

11. With regard to Plaintiffs' claims that AB 290 is preempted by the United States Constitution, as well as Plaintiffs claims arising under the Contracts, Due Process, and Takings Clauses of the United States Constitution, judgment is entered in favor of Defendants.

## STAY PENDING APPEAL

12. Consistent with the agreement of the parties and in order to preserve the status quo that has existed since this Court preliminarily enjoined administration or enforcement of AB 290 in 2019, the existing preliminary injunction shall remain in effect—and thereby continue to stay and enjoin implementation or enforcement of AB 290—until 30 days after the United States Court of Appeals for the Ninth Circuit issues an opinion deciding any appeals by the parties. At that time, the existing preliminary injunction shall terminate—and the implementation of AB 290 shall no longer be stayed—unless extended by court order. That termination shall not be contingent on the court of appeals' issuance of the mandate, or on the resolution of any petition for rehearing or rehearing en banc filed in the court of appeals, or of any petition for writ of certiorari filed in the U.S. Supreme Court. Defendants shall not seek to administer or enforce AB 290 pending the resolution of any appeals of this Judgment while the existing preliminary injunction remains in effect as described above, or if no party seeks to appeal this Judgment, until the parties' time for filing an appeal of this Judgment has elapsed. The stay does not prohibit Defendants from preparing to implement and enforce AB 290, including by taking steps to establish an independent dispute resolution process, as set forth in sections 3(f)(1) and 5(f)(1) of AB 290. The

Court finds that the standards for the stay of this Judgment pending appeal are satisfied.

13. Pending the final resolution of any appeals, the Court may consider any appropriate modifications to this Final Judgment or other relief.

## ATTORNEYS' FEES

14. It does not appear to the Court that consideration of any appeal would be better informed if accompanied by a decision on attorneys' fees and costs. Further, the result of any appeals may affect whether and in what amount attorneys' fees are warranted. *See* Fed. R. Civ. P. 58, Advisory Committee Notes (1993 Amendment) ("Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved.").

15. Accordingly, the filing and briefing of any motions for attorneys' fees, including expenses and costs, is hereby temporarily postponed until after the resolution of any and all appeals of this Judgment filed by any of the parties, or if no party seeks to appeal this Judgment, until after the parties' time for filing an appeal of this Judgment has elapsed. The deadline for filing any motion for attorneys' fees and bill of costs is extended until the end of the 60th day following the final resolution of all appeals. This order is without prejudice to any party seeking to modify the schedule if appellate proceedings are delayed or good cause otherwise exists for addressing the issue of attorneys' fees, including expenses and costs, before the appeals are fully and finally resolved.

**IT IS SO ORDERED.**

Dated: May 9, 2024

*/s/ David O. Carter*
DAVID O. CARTER
United States District Judge