**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| JANE DOE, *et al.*, | No. 8:19-cv-02105 DOC (ADSx) |
| *Plaintiffs.* | **AMENDED STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| ROB BONTA, in his official capacity as Attorney General; *et al.*, | |
| *Defendants.* | |

Several Plaintiffs[1] in these related cases filed complaints in 2019 alleging that Assembly Bill No. 290, ch. 862, 2019 Cal. Stat. ___ ("AB 290"), violates their rights under the First and Fourteenth Amendments of the United States Constitution and was preempted by federal law, and therefore could not be lawfully administered or enforced by Defendants.[2]  ECF No. 1; *Fresenius* docket, Case No. 8:19-cv-2130, ECF No. 1.

On December 30, 2019, the Court granted a preliminary injunction, enjoining the administration or enforcement of AB 290 in full.  *See* ECF No. 58. On January 9, 2024, the Court granted in part and denied in part Plaintiffs' motions for summary judgment, holding that certain provisions of AB 290 violate the First Amendment of the United States Constitution, and are therefore void.  *See* ECF No. 207.  The Court also granted in part and denied in part Defendants' motions for summary judgment, holding that other provisions of AB 290 are constitutional. *See id.*  On April 4, 2024, the Court denied Defendants' motion for reconsideration.  *See* ECF No. 214.

On May 14, 2024, the Court entered the parties' stipulated final judgment, permanent injunction, and stay pending appeal.  *See* ECF 219.  As part of that final judgment, the Court declared that certain provisions of AB 290 violated the First Amendment and were therefore void and could not be administered or enforced by

---

[1] The Plaintiffs are Jane Doe; Stephen Albright; the American Kidney Fund, Inc., Dialysis Patient Citizens, Inc., Fresenius Medical Care Orange County, LLC; DaVita Inc.; Fresenius Medical Care Holdings, Inc., doing business as Fresenius Medical Care North America; and U.S. Renal Care, Inc.

[2] Defendants are Rob Bonta, in his Official Capacity as Attorney General of California; Ricardo Lara, in his Official Capacity as the Director of the California Department of Insurance; Mary Watanabe, in her Official Capacity as Director of the California Department of Managed Health Care; and Erica Pan, in her official capacity as Director of the California Department of Public Health.  Dr. Pan is automatically substituted for her predecessor Tomás J. Aragón under Federal Rule of Civil Procedure 25(d).

Defendants. *See id.* The Court also stayed and enjoined implementation or enforcement of AB 290 in its entirety pending the resolution of the parties' appeal to the United States Court of Appeals for the Ninth Circuit. *See id.* Finally, the Court postponed the parties' deadlines to seek any attorneys' fees until after the resolution of any appeals. *See id.*

On April 7, 2026, the Ninth Circuit entered a judgment affirming in part and reversing in part this Court's summary judgment order. *See* ECF No. 233. The Ninth Circuit held that AB 290's Financial Assistance Restriction (Sections 3(b)(2) and 5(b)(2)), Patient Disclosure Requirement (Sections 3(c)(2) and 5(c)(2)), and Reimbursement Cap (Sections 3(e)(1) and 5(e)(1)) were unconstitutional. *See id.* While the Ninth Circuit held that AB 290's Coverage Disclosure Requirement (Sections 3(b)(3) and 5(b)(3)) was constitutional, it determined that the unconstitutional provisions of AB 290 could not be severed from the remainder of the statute. *See id.* The Ninth Circuit further held that Plaintiffs' appeal was moot insofar as it challenged this Court's holding that AB 290's Safe Harbor (Section 7) was constitutional. *See id.* Defendants had not appealed this Court's ruling that AB 290's Anti-Steering Provisions (Sections 2(a), 3(b)(4), and 5(b)(4)) were unconstitutional.

In light of the Ninth Circuit's decision, Plaintiffs and Defendants, by and through their counsel, have agreed to the entry of this Amended Stipulated Final Judgment and Permanent Injunction. The Court having considered the filings, and with good cause therefor appearing, **HEREBY ORDERS, ADJUDGES, AND DECREES** as follows:

**DECLARATORY JUDGMENT AND PERMANENT INJUNCTION**

1.      This Court has jurisdiction over the subject matter of this case and over the parties pursuant to 42 U.S.C. § 1331 and 42 U.S.C. § 1983.

2.      The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201.

3. Venue in this District is proper under 28 U.S.C. § 1391(b).

4. Sections 2(a), 3(b)(4), and 5(b)(4) of AB 290 violate the First Amendment of the United States Constitution and are void and shall not be administered or enforced by any Defendant or by any Defendant's agents, servants, or employees.

5. Sections 3(b)(2) and 5(b)(2) of AB 290 violate the First Amendment of the United States Constitution and are void and shall not be administered or enforced by any Defendant or by any Defendant's agents, servants, or employees.

6. Sections 3(c)(2) and 5(c)(2) of AB 290 violate the First Amendment of the United States Constitution and are void and shall not be administered or enforced by any Defendant or by any Defendant's agents, servants, or employees.

7. Sections 3(e)(1) and 5(e)(1) of AB 290 violate the First Amendment of the United States Constitution and are void and shall not be administered or enforced by any Defendant or by any Defendant's agents, servants, or employees.

8. The unconstitutional provisions of AB 290 are not severable from the remainder of the statute.

9. No section of AB 290 shall be administered or enforced by any Defendant or by any Defendant's agents, servants, or employees.

10. With regard to Plaintiffs' claims that AB 290 is preempted by the United States Constitution, as well as Plaintiffs' claims arising under the Contracts, Due Process, and Takings Clauses of the United States Constitution, judgment is entered in favor of Defendants.

**IT IS SO ORDERED.**

Dated: June 22, 2026

_David O. Carter_

DAVID O. CARTER
United States District Judge

- 3 -